## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANNA D. CRETEN-MILLER )<br>On Behalf of Herself and All Others )<br>Similarly Situated, )<br>   )<br>   Plaintiffs, )<br>   )<br>v.   )<br>   )<br>WESTLAKE HARDWARE, INC., )<br>   )<br>   Defendant. )<br>_____ ) | CIVIL ACTION<br>No: 08-2351-KHV |

### MEMORANDUM AND ORDER

Dianna D. Creten-Miller brings suit against Westlake Hardware, Inc. ("Westlake") on behalf of herself and others similarly situated, seeking unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  This matter comes before the Court on Plaintiff's Motion For Conditional Class Certification Under § 216(b) Of The FLSA (Doc. #31) filed March 5, 2009 and Plaintiff's Proposed Notice to Class Members (Doc. #42) filed May 29, 2009. For reasons stated below, the Court sustains the motion and approves plaintiff's proposed notice with the following modifications discussed herein.

**I.      Conditional Certification**

Under 29 U.S.C. § 216(b), plaintiff seeks conditional certification of a collective action for the purpose of providing notice to putative class members.  Section 216(b) provides in part that "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). This provision provides the exclusive procedural mechanism for class certification in actions under the

FLSA. <u>Brown v. Money Tree Mortgage, Inc.</u>, 222 F.R.D. 676, 679 (D. Kan. 2004). Though the FLSA does not define the phrase "similarly situated," the Tenth Circuit has approved an ad hoc approach by which the Court determines on a case-by-case basis whether the members of the putative class are similarly situated. <u>See</u> <u>Thiessen v. Gen. Elec. Capital Corp.</u>, 267 F.3d 1095, 1105 (10th Cir. 2001). Under this approach, the Court engages in a two-step process. First, the Court makes an initial "notice stage" determination which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. <u>Id.</u> at 1102 (quoting <u>Vaszlavik v. Storage Tech. Corp.</u>, 175 F.R.D. 672, 678 (D. Colo. 1997)). By this determination, the Court decides whether a collective action should be certified for purposes of sending notice of the action to potential class members. <u>Brown</u>, 222 F.R.D. at 679. This initial step creates a lenient standard which typically results in conditional certification of a representative class. <u>Gieseke v. First Horizon Home Loan Corp.</u>, 408 F.Supp.2d 1164, 1166 (D. Kan. 2006) (citing <u>Mooney v. Aramco Servs. Co.</u>, 54 F.3d 1207, 1214 (5th Cir.1995)). Under the second step, initiated at the close of discovery, the Court utilizes a stricter standard which requires evaluation of several factors, including: (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. <u>Thiessen</u>, 267 F.3d at 1102-03.

Plaintiff seeks conditional certification of a collective action which includes "[a]ll current and former Westlake Hardware, Inc. Front End Supervisors (later known as Administrative Managers) who were employed in this position from July 31, 2005 to the present." Plaintiff argues that putative class members are similarly situated as Front End Supervisors who performed essentially the same job duties under the same pay policy at Westlake. For purposes of conditional certification, Westlake concedes that plaintiff has satisfied her light burden of alleging that the

-2-

putative class members were together the victims of a single decision, policy or plan.  See e.g. Renfro v. Spartan Computer Servs., Inc., 243 F.R.D. 431, 433-34 (D. Kan. 2007) (citing Brown, 222 F.R.D. at 681) (generally, where putative class members employed in similar positions, allegation that defendants engaged in pattern or practice of not paying overtime sufficient to allege plaintiffs were victims of single decision, policy or plan).  After reviewing the allegations of the complaint, plaintiff's brief in support of the motion and the attached declarations, the Court is satisfied that plaintiff has met the minimal threshold required for conditional collective action certification.

**II.     Proposed Notice**

As noted above, conditional certification facilitates the dissemination of notice to potential class members. To this end, plaintiff filed a proposed notice form.  See Proposed Notice (Doc. #42). Westlake objects to plaintiff's proposed notice because (1) it includes the case caption and case number; (2) on the last page rather than the first page, it states that the court has not expressed an opinion regarding the merits of the case; (3) it should state that recipients "may fit" in the putative class, rather than "it is believed that you fit";[1] (4) it should include contact information for defense counsel; and (5) it does not contain language informing participants about possible liabilities should they lose.[2]

Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary. Lewis v. ASAP Land Exp., Inc., No. 07-CV-2226-KHV, 2008 WL 2152049, *2 (D. Kan. May 21, 2008).

---

[1]     The language to which Westlake objects appears in Section 4 of plaintiff's proposed notice rather than Section 5 as Westlake states.

[2]     Though the parties previously reached an agreement in principle regarding these issues, after conducting research plaintiff's counsel elected to submit them to the Court.

### A.     Case Caption And Number

Westlake first objects to the case caption and number, arguing that this information might give recipients the impression that the Court approves of the action and is not impartial.  Westlake notes that judges in this District have approved class notices which do not include the case caption and cites a case from the Southern District of Florida which approved a notice without the case caption or number in part because it was more neutral in tone.[3]   These cases are not particularly helpful because in each, the court approved the notice without objection.  Also, plaintiff identified just as many cases from this District which approved – also without objection – notices which include the case caption and number.[4]

Other district courts have concluded that the caption is proper so long as the notice includes overt disclaimer language.  See Boyd v. Jupiter Alum. Corp., No. 2:05-CV-227PPSAPR, 2006 WL 1518987, at *6 (N.D. Ind. May 31, 2006) (case caption does not suggest judicial sponsorship of plaintiff's claims and any prejudice is cured by disclaimer in boldface at end of notice); Jirak v. Abbott Lab., Inc., 566 F.Supp. 2d 845, 851 (N.D. Ill. 2008) (requiring that heading be removed or case caption included to make clear notice not document or letter from court).  Westlake has

---

[3]     See, e.g. Gipson v. Sw. Bell Tel. Co., No. 08-CV-2017-EFM, 2009 WL 1044941, at *4 (D. Kan. Apr. 20, 2009) (approving proposed notice without objection); Underwood v. NMC Mtg. Co., 245 F.R.D. 720, 724 (D. Kan. 2007) (approving proposed notice without objection); Wajcman v. Hartman & Tyner, Inc., No. 07-61472-CIV, 2008 WL 203579, at *2 (S.D. Fla. Jan. 23, 2008).  In Wajcman, the court issued defendant's version of the proposed notice for several reasons, one of which was that it was more neutral in tone because it did not contain the case caption or number.  The court noted that plaintiffs had not objected to or addressed defendant's proposed changes to the notice, and it therefore declined to conduct a detailed analysis of the differences in the proposed notices.  Id.  Instead it adopted defendant's proposals in toto.

[4]     See, e.g., Lewis v. ASAP Land Express, Inc., No. 07-2226-KHV, 2008 WL 2152049, at *2-3 (D. Kan. May 21, 2008); Clayton v. Velociti, Inc., No. 08-2298-CM, 2009 WL 304190, at *3 (D. Kan. Feb. 9, 2009); Garcia v. Tyson Foods, 06-CV-2198-JWL, Memorandum and Order (Doc. #748) filed March 10, 2009.

provided no authority or evidence that plaintiff's proposed notice is improper.  Accordingly, the

Court overrules Westlake's objection to the case caption and number.

> **B.**     **Location of Court's Disclaimer**

Westlake argues that the disclaimer, <u>i.e.</u> that the Court has not expressed an opinion

regarding the merit of the lawsuit, should be moved from the end of the notice to the beginning.

Other than arguing that recipients might mistakenly believe that the Court approves the action, and

citing cases which articulate the Court's broad duty to ensure that the notice is fair and accurate,

Westlake cites no specific authority or evidence that the disclaimer should appear at the beginning.

Courts in this district and others regularly approve notices which include the disclaimer language

in both locations,[5] and Westlake provides no compelling reason why it should be moved.

Accordingly, the Court overrules Westlake's request to move the disclaimer language.

> **C.**     **Whether Recipients "May Fit" Or Are "Believed To Fit" The Class Definition**

Westlake objects to Section 4, which informs recipients that "it is believed that you fit the

putative class member definition."  This language is objectionable, but not for the reason which

Westlake articulates.[6]  Westlake argues that the statement may lead recipients to believe that their

individual situations have been analyzed and that they conclusively are class members.  Westlake

argues that the language "creates an unreasonable expectation in proposed class members" and

proposes that the notice be modified to say that recipients "***may*** fit" the putative class definition.

Doc. #43 at 5 (emphasis added).  Westlake does not explain what recipients will unreasonably

---

[5]        <u>See</u>, <u>e.g.</u>, <u>Clayton</u>, 2009 WL 304190 at *3; <u>Garcia v. Tyson Foods</u>, No. 06-CV-2198-JWL, Doc. #748; <u>Gipson</u>, 2009 WL 1044941 at *4.

[6]        <u>See</u> William Strunk Jr. & E.B. White, The Elements of Style 18-19 (4th ed. 2000) (1979).

expect and it cites no persuasive reason why its requested modification is necessary.   In fact, the disputed language explains precisely why recipients are receiving the notice: because we (counsel and the Court) believe that they are putative class members.   The notice adequately informs recipients that they can be dismissed if they are not similarly situated to plaintiff, and instructs them that they must affirmatively act to participate in the lawsuit.   The Court therefore overrules Westlake's request to modify the language.

### D.   Defense Counsel's Contact Information

Westlake objects that the proposed notice should contain contact information for defense counsel so recipients can contact them to discuss the lawsuit before determining whether to opt in. Plaintiff argues that this information would chill participation and confuse potential opt-in plaintiffs, and she identifies myriad notices which do not include defense counsel contact information.[7] Plaintiff cites a case from the Western District of Washington which rejected defendant's request to include defense counsel contact information as having "no basis in law or logic."[8] Morden v. T-Mobile USA, Inc., No. C05-2112RSM, 2006 WL 2620320, at *4 (W.D. Wash. September 12, 2006) (citing Gambo v. Lucent Tech., Inc., No. 05-C-3701, 2005 WL 3542485, at *7 (N.D. Ill. Dec. 22, 2005).  Plaintiff argues that including defense counsel contact information could lead potential plaintiffs to inadvertently contact defense counsel, who might encourage putative plaintiffs not to

---

[7]      See, e.g., Lewis, 2008 WL 2152049, at *2-3; Clayton, 2009 WL 304190, at *3; Renfro v. Spartan Computer Services, Inc., No. 06-2284-KHV, 2007 WL 2318889, at *1 (D. Kan. Aug. 10, 2007); and Gipson, 2009 WL 1044941 at *4.

[8]      Westlake cites several cases which are not directly on point.  See Yaklin v. W-H Energy Servs., Inc., No. C-07-422, 2008 WL 1989795, *4 (S.D. Tex. May 2, 2008) (notice must inform recipients that they may contact any attorney they choose instead of directing recipients to contact plaintiffs' counsel); Belcher v. Shoney's, Inc., 927 F.Supp. 249, 254-55 (M.D. Tenn. 1996) (without  objection approving notice containing defense counsel contact information); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 101, 108 (S.D. N.Y. 2003) (same).

join the action or frighten them from participating in the suit. Plaintiff provides no evidentiary or legal basis for such speculation. See Sibley v. Sprint Nextel Corp., No. 08-2063-KHV, 2009 WL 662630, *3 (D. Kan. March 13, 2009) (notice should identify defense counsel but not inform class members that they could contact defense counsel). Accordingly, the Court sustains Westlake's objection and directs that section 10 be modified to include defense counsel contact information as proposed by Westlake in Doc. #43-3 at 4.

####        E.        Potential Liabilities And Obligations Associated With Opting In

Westlake objects that the proposed notice does not inform participants that (1) Westlake could prevail in this matter and if so, those who opt in could pay a proportionate share of defendant's costs to defend the case, and (2) opt-in plaintiffs might be required to travel to Kansas City for depositions and trial. Westlake contends that potential participants are therefore misled about liabilities which the litigation might impose on them and cannot make an informed decision whether to participate. Plaintiff counters that the requested language would chill participation and contends that the proposed notice sufficiently notifies potential opt-in plaintiffs of their obligations.

Westlake provides no factual or legal support for its contention that the proposed notice insufficiently informs participants that it could prevail in the case. The proposed notice sufficiently acknowledges both parties' potential for success:    "If the Plaintiffs are successful . . .";   "WESTLAKE denies the Plaintiffs' allegations . . ."; "[it] is possible that you will be dismissed from the lawsuit . . . ", and "claims may be subject to later dismissal if the Court ultimately finds that the claims lack merit or that they cannot be litigated on a class-wide basis." See Doc. #42 at 3, 4. The Court therefore overrules Westlake's request to add additional language that it could prevail in this matter.

Plaintiff misconstrues Westlake's argument on this point and makes an irrelevant counter-argument about whether attorney fee arrangements must appear in the notice. Plaintiff's notice already states that participants who elect to join the matter "will not be responsible for any attorneys' fees incurred by the Plaintiffs." See Doc. #42 at 3. The notice does not explain plaintiff's fee arrangement, per se, and Westlake does not contend that it should. Plaintiff's argument about attorney fees is therefore beside the point.

As to costs, plaintiff relies upon cases from the Northern District of Illinois, which itself has issued conflicting opinions about whether notices must inform participants that court costs and expenses can be awarded against them. Compare King v. ITT Continental Baking Co., No. 84 C 3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986) (declining to add statement that class members may be liable for defendants' attorneys' fees and court costs); Herrera v. Unified Mgt. Corp., No. 99 C 5004, 2000 WL 1220973, at *2-3 (N.D. Ill. Aug. 18, 2000) (following King and declining to add statement that costs and expenses could be assessed against claimants if unsuccessful); Jackson v. Go-Tane Services Inc., No. 99 C 5686, 2000 WL 1221642, at *4 (N.D. Ill.Aug. 21, 2000) (same) with Garcia v. Elite Labor Serv., Ltd., No. 95 C 2341, 1996 WL 33500122, at *4 (N.D. Ill. July 11, 1996) (modifying notice to include statement that "if you do not prevail on your claim, court costs and expenses may possibly be assessed against you"); see also Gjurovich, 282 F.Supp.2d at 107 (same); White v. Kcpar, Inc., No. 6:05-cv-1317-Orl-22DAB, 2006 WL 1722348, at *4 (M.D. Fla. June 20, 2006) (notice defective because it did not fully inform recipients about consequences of opting in, including potential liability for costs and expenses).[9]

---

[9]        Plaintiff also mischaracterizes Lewis, 2008 WL 2152049, as supporting her position. In Lewis, the Court declined to include a warning that successful plaintiffs might have to pay taxes. It held that such a warning would not only dissuade those with meritorious claims from joining the action, but also (more significantly), suggest that recovery was likely. Whether the notice should

In <u>King</u>, the court did not require language about potential liability for attorney fees and court costs – in large part because at that time neither defendant nor the court could locate a case in which a court had awarded fees and costs to a prevailing defendant in an FLSA action.  1986 WL 2628, at *3.  Since that time, courts have awarded costs to prevailing defendants in FLSA cases.  <u>See e.g.</u> <u>Johnson v. Big Lots Stores, Inc.</u>, Nos. 04-3201, 05-6627, 2009 WL 1870862, at *9-10 (E.D. La. June 25, 2009) (awarding costs related to claims of 43 individual participants who moved to dismiss their claims);  <u>Gomez v. Reinke</u>, No. CV91-299-S-LMB, 2008 WL 3200794, at *6 (D. Idaho Aug. 7, 2008) (awarding costs to defendants for prevailing on merits of class action claims); <u>Reyes v. Tex. Expawn, L.P.</u>, No. V-03-128, 2007 WL 4530533, at *2 (S.D. Tex. Dec. 19, 2007) (awarding costs to defendant as prevailing party).   An award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical.  The Court therefore agrees with Westlake that the notice should inform recipients about the possibility that they may be responsible for court costs. Therefore the end of the second paragraph in Section 2 shall include a statement that "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."

Finally, Westlake argues that the notice should warn recipients, who live in various locations throughout the Midwest and Southwest, that they may be required to travel to Kansas City for depositions or trial.  Westlake points out that absent extraordinary circumstances courts in this District generally require opt-in plaintiffs to be deposed in the forum where suit is brought.  <u>See</u>, <u>e.g.</u>, <u>Clayton v. Velociti, Inc.</u>, No. 08-2298-CM/GLR, 2009 WL 1033738, at *3 (D. Kan. Apr. 17, 2009) (overruling motion for protective order and requiring plaintiffs to be deposed in Kansas City); <u>Gipson v. Sw. Bell Tel. Co.</u>, No. 08-2017-KHV-DJW, 2008 WL 4499972, at *5 (D. Kan. Oct. 8,

---

warn about the potential for costs was not before the Court in that case.

2008) (same).  Westlake also points out that the approved Notice Of Submission Of Third Amended Notice Of Pendency Of Collective Action Lawsuit (Doc. #66) filed June 26, 2008 in Smith v. BNSF Ry. Co., Case No. 06-2534-CM, contained a similar admonition.  Westlake argues that omitting this information prevents consenting parties from making an "informed decision" about whether to participate.

Plaintiff argues that such a warning would have an improper chilling effect and cites Morden, 2006 WL 2620320, which rejected similar requests to modify notice language.  Plaintiff also attempts to distinguish the notice in Smith v. BNSF because there, the plaintiff (rather than the defendant) initially proposed – but later withdrew – the disputed language which the court ultimately required.  Plaintiff also argues that the warning is unnecessary because few if any participants will be required to travel to Kansas City because "individualized discovery is inappropriate in a class action lawsuit."  Prentice v. Fund for Pub. Interest Research, Inc., No. C-06-7776 SC, 2007 WL 2729187, at *5 (N.D. Cal. Sept. 18, 2007).  Prentice is inapposite, however.  In Prentice, the court rejected a request to warn potential participants about having to participate in depositions or written discovery, or to give testimony because individualized discovery is inappropriate.  Here, plaintiff's proposed notice contains almost verbatim the warning language about participating which Prentice rejected.  By including this language in its proposed notice, plaintiff here apparently concedes that potential participants should be told that they may have to participate in depositions or written discovery, or to give testimony at trial – the proposition rejected in Prentice.  Similarly, the Court is not persuaded by Morden, which rejected such a request because it found that the proposed travel was "unlikely."  2006 WL 2620320, at *4.

Despite plaintiff's concerns about the potential chilling effect, the Court is persuaded that it is reasonable and necessary to include language which informs potential participants that they may

-10-

be required to travel to Kansas City.  The notice already contemplates that discovery will occur and warns potential participants as much.  Absent other agreements or Court orders, depositions will occur in Kansas City and participants should know that they have to travel here to participate in the suit.  Accordingly, the Court directs the last sentence of the second paragraph in section 4 to be modified to conform with the last sentence of the second paragraph in section 5, Doc. #43-3.

No later than **July 20, 2009**, plaintiff shall amend the proposed notice as described herein and shall submit such notice to the Court for final approval.  Presumably, the parties can agree on the form of the proposed notice and so advise the Court.

Typically, conditional certification of a collective action entitles plaintiff to specific discovery regarding putative class members. See Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 681-82 (D. Colo. 1997) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)).  Should plaintiff require such discovery for purposes of disseminating the notice, she shall submit a proper request to the Court no later than **July 20, 2009**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Conditional Class Certification Under § 216(b) Of The FLSA (Doc. #31) filed March 5, 2009 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that no later than **July 20, 2009**, plaintiff shall amend the proposed notice as described herein and shall submit such notice to the Court for final approval.

**IT IS FURTHER ORDERED** that any request for discovery regarding putative class members shall be filed no later than **July 20, 2009**.

Dated this 15th day of July, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-11-