# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIANNA D. CRETEN-MILLER** ) | |
| ) | |
| **On Behalf of Herself and** ) | |
| **All Others Similarly Situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 08-2351-KHV** |
| **WESTLAKE HARDWARE, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Dianna D. Creten-Miller brings suit against Westlake Hardware, Inc. ("Westlake") on behalf of herself and others similarly situated, seeking unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. This matter comes before the Court on the parties' Joint Motion For Settlement Agreement Approval (Doc. #85) and plaintiffs' Unopposed Motion For Attorneys' Fees (Doc. #86), both filed June 7, 2010. Upon review, the Court approves the parties' proposed settlement agreement and plaintiffs' motion for attorneys' fees and costs.

### Factual and Procedural Background

On July 31, 2008, plaintiff Miller filed a collective action claim under section 216(b) of the FLSA. Plaintiffs alleged that Westlake failed to pay overtime compensation to Front End Supervisors (later known as Administrative Managers) and misclassified Front End Supervisors as salary-exempt under the FLSA. Westlake responded that it did not violate the FLSA and that Front End Supervisors are exempt from overtime compensation under the statute.

On November 23, 2009, the Court ordered the parties to mediate. On January 21, 2010 the parties started mediation and eventually reached a settlement agreement. On June 7, 2010 the parties

jointly asked the Court to approve the settlement agreement. Under the settlement agreement, Westlake agrees to pay $125,000 to plaintiffs, $10,000 of which will go to Miller as an enhancement payment. Westlake also waives its right to challenge plaintiffs' motion for attorneys' fees and costs provided they do not exceed $130,000. Pursuant to the settlement agreement, plaintiffs then ask the Court to approve statutory attorneys' fees of $114,917.88 and litigation costs of $15,082.12.

## Analysis

When employees file suit to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable. 29 U.S.C. § 216(b); Gardner v. Sprint/United Mgmt. Co., No. CV-08-2559, 2009 WL 1917408, at *1 (D. Kan. July 2, 2009) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)). To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. Id. at 1354. The district court may enter a stipulated judgment only after scrutinizing the settlement for fairness. Gardner, 2009 WL 1917408, at *1 (citing Baker v. D.A.R.A. II., Inc., No. CV-06-2887-PHX-LOA, 2008 WL 4368913, at *2 (D. Ariz. Sept. 24, 2008)). The FLSA also requires that a settlement agreement include an award of reasonable fees. Gardner, 2009 WL 1917408, at *1 (citing Lee v. The Timberland Co., No. C 07-2367-JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008) (court shall allow reasonable attorneys' fee to be paid by defendant)). Further, when a plaintiff has voluntarily assumed the fiduciary role of class representative, before the putative class claims may be dismissed, a court must determine "whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." Gardner, 2009 WL 1917408, at *1

(citing <u>Shelton v. Pargo, Inc.</u>, 582 F.2d 1298, 1314 (4th Cir.1978)).

**I.       Settlement Agreement**

      A.       Plaintiffs' Recovery

Under the proposed settlement agreement, plaintiffs receive $125,000. Both parties assert the settlement is "fair and reasonable" because (1) the parties dealt at arms-length throughout the negotiations; (2) serious legal and factual issues remain to be addressed; (3) continued litigation would be risky and expensive to both parties; and (4) the overtime calculated at half-rate is a fair result.[1] The Court is satisfied that the agreement represents a fair and equitable settlement of plaintiffs' bona fide dispute with Westlake. As such, the Court approves the <u>Settlement Agreement and General Release</u>, Document #85-1 filed June 7, 2010.

      B.       Incentive Award

Both parties agree on a $10,000 incentive award for Miller. Incentive awards compensate named plaintiffs for personal risk incurred or any additional effort expended for the benefit of the lawsuit. <u>McNeely v. Nat'l Mobile Health Care, LLC</u>, No. CIV-07-933-M, 2008 WL 4816510, at *16 (W.D. Okla. Oct. 27, 2008) (citing <u>Berrios v. Sprint Corp.</u>, No. CV-97-0081(CPS), 1998 WL 199842, at *3 (E.D.N.Y. March 16, 1998)). The requested award, however, must be reasonable. <u>See</u> <u>In re Sprint Corp. ERISA Litigation</u>, 443 F. Supp. 2d 1249, 1271 (D. Kan. 2006). Based on the Court's review of Miller's involvement in the litigation and the fact that the incentive award will not diminish any other plaintiff's recovery, the Court finds that the requested incentive award is reasonable.

---

     [1]       Although Westlake maintains that plaintiffs are exempt from the statute, it agrees to pay time and a half to each plaintiff, consistent with the FLSA. Because Westlake already paid plaintiffs' regular wages, its payment of overtime compensation satisfies the FLSA.

## II.    Attorneys' Fees and Costs

Plaintiffs seek attorney fees and costs of $130,000.  The FLSA entitles a prevailing plaintiff to recover a reasonable attorneys' fee and costs.  See, e.g., Gray v. Phillips Petroleum Co., 971 F.2d 591, 592-93 (10th Cir. 1992); 29 U.S.C. 216(b).  Although the FLSA fee award is mandatory, the Court has discretion to determine the amount and reasonableness of the fee.  Wright v. U-Let-Us Skycap Serv., Inc., 648 F. Supp. 1216, 1218 (D. Colo. 1986).[2]

Plaintiffs' motion for approval of attorneys' fees and costs reflects the terms of the settlement agreement – attorneys' fees to not exceed $130,000.  Plaintiffs rely on the 12 factors articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), to show that the fee request is reasonable.[3]  Based on the supporting affidavits and in camera review of the attorney billing statements of Donelon P.C. and Brady & Associates, the Court finds that $114,917.88 in attorneys' fees and $15,082.12 in costs and expenses is reasonable.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion For Settlement Agreement Approval filed June 7, 2010 be and hereby is sustained.  No later than July 20, 2010, defendants shall pay $115,000 to plaintiffs and $10,000 to Miller as set forth in the parties' joint motion.  The Clerk is hereby directed to enter judgment which dismisses plaintiffs' claims with prejudice effective July 21, 2010.

---

[2]    The presumptively reasonable attorneys' fee is the product of reasonable hours times a reasonable rate, which yields a "lodestar" figure that is subject to adjustment.  Jackson v. Austin, 267 F. Supp. 2d 1059, 1063-64 (D. Kan. 2003).  Plaintiffs bear the burden of documenting the appropriate hours expended and hourly rates.  Id.  (citing Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249-50 (10th Cir.1998)).

[3]    Particularly, plaintiffs assert that the attorneys' fee request is reasonable considering the results obtained – half-rate overtime compensation plus liquidated damages  – and the special expertise of the plaintiffs' attorneys – knowledge of complex FLSA litigation.

**IT IS FURTHER ORDERED** that plaintiffs' <u>Unopposed Motion for Attorneys' Fees</u> (Doc. #86) filed June 7, 2010 be and hereby is sustained. No later than July 20, 2010, defendant shall pay plaintiffs' attorneys' fees of $114,917.88 and costs of $15,082.12.

Dated this 12th day of July, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
